## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| Jimmy E. Cribb, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | |
| | : | NO. 2:17CV00061 RWS |
| BR Mountain Homes, LLC, | : | |
| James Brian Thurman, and | : | |
| Richard Scott Davis, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendants, BR Mountain Homes, LLC, James Brian Thurman, and Richard Scott Davis (hereinafter "Defendants"), and hereby reply to *Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment* as follows:

### I.   Plaintiff's Statement of Facts Is Unsupported

In *Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment* (hereinafter "*Response*"), Plaintiff has a section entitled "Statement of Case and Facts." Unfortunately, Plaintiff's statement of supposed facts consists mostly of unsupported assertions and inappropriately placed arguments and legal facts. In fact, entire paragraphs of Plaintiff's Statement of Facts are unsupported by

any evidence. Defendants request that this Court disregard any and all unsupported allegations in Plaintiff's *Response*.

## II.    Defendants Were Not the General Contractor

As Defendants already demonstrated in *Defendants' Brief in Support of Motion for Summary Judgment*, Defendants were not the general contractor. While Plaintiff has attempted to argue otherwise, Plaintiff has identified very few pieces of information that he contends support his position: (1) Defendant Davis is listed on the building permit as the general contractor; (2) Defendant Davis "represented to Union County that he was the General Contracter;" and (3) Defendants performed more work on the property than just the subfloor and foundation. As it turns out, Defendant Davis' deposition testimony, as cited by Plaintiff, reveals that the first two pieces of information are not separate facts. Defendant Davis signed a permit application that was submitted to Union County. Contrary to Plaintiff's suggestion, other than signing a permit application, Defendant Davis did not have any further conversations with or make representations to representatives of Union County that Defendants were the general contractor. In fact, in the 30(b0(6) deposition of BR Mountain Homes, where Defendant Thurman served as the corporate representative, Defendant Thurman testified that Defendants specifically spoke with Union County representatives and clarified that they were not the

general contractors on the project and that the home owner was doing the work himself. (BR Mountain Homes 30(b)(6) Depo, p. 11-12).

As Defendants explained in *Defendants' Brief in Support of Motion for Summary Judgment*, the undisputed facts show that although Defendant Davis is listed on a permit as the general contractor, Defendants were not contracted to serve as the general contractor nor did they perform any of the requisite duties to be considered de facto general contractor. While Defendants returned to the property to complete additional work after Plaintiff's employer finished his work is inconsequential. In his *Response*, Plaintiff has admitted that Defendants did not perform various duties, including having oversight and control of the Plaintiff's employer; that Plaintiff's employer and Defendants did not occupy the property at the same time; and that Defendants did not exercise control over the property while Plaintiff was present. These facts all unequivocally demonstrate that Defendants were not the general contractor.

In his *Response,* Plaintiff has also argued what Defendants duties are as a general contractor without first offering up evidence that Defendants could be classified as such. The undisputed facts of this case are clear that Defendants were not the general contractor. As such, Defendants did not owe the duties that a general contractor does and any argument on those issues is inapplicable.

Defendants were not the general contractor and, therefore, are entitled to summary judgment as a matter of law.

III.    Voluntary Undertaking is Inapplicable

In his *Response*, Plaintiff has also asserted that Defendants may be liable under the principle of voluntary undertaking, which is also called the "Good Samaritan Duty." First, the solitary case cited by Plaintiff in support of this section of his *Response, Osowski v. Smith*, 262 Ga. App. 538 (2003), exclusively discusses liability of owners in the case of a dog bite and is wholly inapplicable to the present action. Further, as the name "Good Samaritan Duty" suggests, this principle applies only to situations where "one undertakes an act which he has no duty to perform and another reasonably relies upon that undertaking." *Mixon v. Georgia Cent. Ry., L.P.*, 266 Ga. App. 365 (2004). Based on Plaintiff's *Response*, it seems that he is arguing that Defendants voluntarily undertook the job as the general contractor even if they were not contracted to do so. There is no evidence that Defendants voluntarily undertook the duty to be general contractor, and, even if there were, there is certainly no evidence that they did so for Plaintiff's benefit, a necessary element of the voluntary undertaking duty. As such, Plaintiff cannot recover under this theory and summary judgment should be granted to Defendants.

IV.    Active Negligence Does Not Apply To This Case

Defendants concede that there are different inquiries with regarding to premises liability depending on whether an injury arises from a pre-existing condition or from active negligence. In this case, however, Plaintiff's injury was very clearly caused by the condition of the premises and not by active negligence. Active negligence is categorized as acts or omissions occurring at the time the plaintiff was on the premises. *Brownlee v. Winn-Dixie Atlanta, Inc.*, 240 Ga.App. 368 (1999).

Here, there is no question that Defendants and Plaintiff did not occupy the subject property at the same time. It is further undisputed that Defendants and their agents were not present when Plaintiff incurred his injury and that they had not been present on the property for at least a week prior. Defendants had completely vacated the property before Plaintiff arrived. Given all of this, it is simply not possible for active negligence to apply, as Defendants could not possibly have performed any act or omission while Plaintiff was present on the subject property, as Defendants were not there.

Plaintiff largely relied upon and quoted *Card v. Dublin Construction Company, Inc.*, 337 Ga. App. 804 (2016) and stated that said case addressed the issues in this case "head on." The present case can easily be distinguished from *Card*, however. In *Card*, the plaintiff was a delivery driver who was injured on a

construction site when a concrete-filled hose fell from a third-story window. The Georgia Court of Appeals found that there was a colorable argument for active negligence against the sub-contractor that dropped the hose. Dropping the hose was an act or omission that the sub-contractors performed while the plaintiff was on the premises. In the present action, on the other hand, Defendants did not carry out any act or omission while Plaintiff was present on the premises. The facts in *Card* are wholly different and inapplicable.

Plaintiff also relied upon *Doke v. Dover Elevator Co.*, 152 Ga.App. 434 (1979), which, again, is easily distinguishable from the present facts. In *Doke*, a worker was injured by the acts of another sub-contractor and the Georgia Court of Appeals found that the other sub-contractor owed a duty to other construction workers on the jobsite that were "laboring contemporaneously with" the at fault sub-contractor. Here, again, it is clear based on the facts cited above and in *Defendants' Brief in Support of Motion for Summary Judgment* that Plaintiff and Defendants were not laboring contemporaneously. Plaintiff and Defendants never occupied the jobsite at the same time, and the principles outlined in *Doke* regarding the duties of sub-contractors laboring on a project simultaneously do not apply. Plaintiff has cited no legal authority showing that Defendants owed a duty to Plaintiff, and Defendants are entitled to summary judgment as a matter of law.

V.     OSHA Can Not Create A Legal Duty

In Plaintiff's *Response*, he seems to argue that the Federal Occupational Safety and Health Act, 29 USC § 651 et seq., does not create a private right of action that would allow employees to sue employers for injuries caused by violations, but that an action for a violation of OSHA may be permitted anyway per O.C.G.A. § 51-1-6. To the extent that is Plaintiff's argument, Defendant does not disagree.

The issue with Plaintiff's argument, however, is that he has once again deliberately failed to recognize that "OSHA regulations cannot support a finding of a legal duty because the regulations impose duties only on employers." Med. Ctr. of Cent. Georgia v. Landers, 274 Ga. App. 78, 81, 616 S.E.2d 808, 811 (2005). As Plaintiff has repeatedly pointed out, Defendants were not Plaintiff's employer. As such, OSHA imposes no duty on Defendants to ensure a safe workplace for Plaintiff. Plaintiff's own employer was responsible for complying with OSHA for Plaintiff's benefit and his complaint regarding any alleged violations are more properly placed there.

Importantly, Plaintiff repeatedly stated in his *Response* that Defendants admitted OSHA violations. Defendants have not admitted any OSHA violations. For the reasons stated above and in *Defendants' Brief in Support of Motion for*

*Summary Judgment*, Defendants are entitled to summary judgment on the issue of liability based on OSHA violations.

VI. **Defendants Are Immune From Tort Liability If They Are The General Contractor**

If Defendants are considered the general contractors, they then become responsible for the entire jobsite and all the contractors thereon. As such, they are considered the principle contractor. Plaintiff cannot purport to make Defendants the general contractor and thereby responsible for the acts and omissions of all of the contractors on the jobsite and for exercising complete control over the jobsite and also state that they have no supervisorial relationship to Plaintiff. If Defendants are deemed the general contractor, then they are considered the principal contractor and employer for purposes of the workers' compensation act.

VII. Conclusion

The facts and law make it clear that Defendants are entitled to summary judgment as a matter of law.

Respectfully submitted, this the 14th day of September, 2018.

> /s/ *Charles M. Medlin*
> **CHARLES M. MEDLIN**
> Georgia Bar No. 500688
> cmm@boviskyle.com
> **CHRISTINA L. GULAS**
> Georgia Bar No. 378310
> clg@boviskyle.com
> **WINFIELD L. POLLIDORE**
> Georgia Bar No. 940453

**BOVIS, KYLE, BURCH & MEDLIN, LLC**
200 Ashford Center North, Suite 500

8

Atlanta, Georgia 30338
Tel:   (770) 391-9100
Fax:   (770) 668-0878

wpollidore@boviskyle.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was filed electronically with the Clerk of Court which will send a copy electronically to:

**HALL & LAMPROS, LLP**
Andrew Lampros, Esq.
1230 Peachtree Street NE
Suite 950
Atlanta, GA  30309-7538
alampros@hallandlampros.com
**Attorney for Plaintiff**

**MARTIN & JONES, PLLC**
H. Forest Horne, Esq.
410 Glenwood Avenue, Suite 200
Raleigh, NC 27603
hfh@m-j.com
**Attorney for Plaintiff**

Respectfully submitted, this the 14th day of September, 2018.

/s/ Charles Medlin
**CHARLES M. MEDLIN**
Georgia Bar No. 500688
cmm@boviskyle.com
**CHRISTINA L. GULAS**
Georgia Bar No. 378310
clg@boviskyle.com
**WINFIELD L. POLLIDORE**
Georgia Bar No. 940453
wpollidore@boviskyle.com
Attorneys for Defendants

**BOVIS, KYLE, BURCH & MEDLIN, LLC**
200 Ashford Center North, Suite 500
Atlanta, Georgia 30338
Tel:   (770) 391-9100
Fax:   (770) 668-0878